## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DAVID ALLEN | ) | |
| | ) | CIVIL ACTION NO. |
| *Plaintiff*, | ) | |
| vs. | ) | |
| | ) | |
| CITY OF KENNETT, MISSOURI, | ) | |
| KENNY WILSON, CHIEF OF POLICE, | ) | |
| AARON MAYS, and UNKNOWN POLICE | ) | |
| OFFICER, | ) | |
| *Defendant*. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff brings this action pursuant to the 42 U.S.C. §1983 and pendant state tort claims for monetary damages arising from the actions and conduct of Defendants, in depriving Plaintiff of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States to be free from arrest, incarceration and prosecution absent probable cause, and state causes of action for false arrest, false imprisonment, intentional infliction of emotional distress.

## JURISDICTION

1.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1332, 28 U.S.C. §1343(a)(3) and (4).

## VENUE

2.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

**PARTIES**

3.  Plaintiff is a black male resident and citizen of the State of Missouri and a resident of Kennett, Dunklin County, Missouri.

4.   Defendant City of Kennett is a Third-Class city in Dunklin County Missouri existing under and by virtue of the laws of the State of Missouri.   Service of process may be made by serving its mayor and chief executive officer, Chancellor Wayne, at the Kennett City Hall , 200 Cedar St., Kennett, Missouri.

5. At all times material to this action, Defendant Aaron Mays was employed by the City of Kennett as a police officer and was within the scope of his duties as such , and at all times the actions taken by him were under color of law and authority possessed by him in his capacity as a police officer.  He was under the direct supervision and control of the Chief of Police for the City of Kennett.  He may be served at the Kennett Police Department at 200 Cedar St., Kennett, Missouri.

7.  The unknown police officer named as a defendant acted in concert with Defendant Mays and with knowledge of the unlawful actions against him including the traffic stop, search of his vehicle and person, arrest, imprisonment, prosecution, and impounding of his vehicle.

FACTS.

_____1. David Allen is a black male and was 59 years of age at the time of the events stated in this action.

2

2.  On Monday, April 24, 2017 Allen had worked as a concrete finisher and at the end of the day went home cleaned-up, took a shower, changed clothes and left in his automobile to go to Walmart.

3.  He stopped at a traffic light on the west side of the courthouse square waiting for the light to change.

4.  When the light turned green he made a left turn onto First St. heading east to Walmart.

5.  After he completed his turn, a police care operated by Defendant Mays followed him and Mays activated his flashing light and pulled Allen over.

6.  Mays parked behind Allen, came up to Allen's car and Allen asked why he had been stopped and said he knew he was not speeding.

7.  Mays stated that the reason he stopped him was because he smelled marijuana in the air.

8.  Mays did not ask him for his drivers license at that time nor did he ask him to step out of his vehicle or conduct a pat-down search.

9.  Mays asked his permission to search his vehicle and Davis consented to the search.

10.  Mays conducted a search of the interior of the vehicle but found no evidence of marijuana or any other controlled substance.

11.  After Mays had searched the vehicle for a couple of minutes, Allen who had earlier gotten out of the vehicle, came up beside the Mays and said, "I told you wouldn't find

anything."

12.  Mays responded, I can hold you for 24 hours even if I don't find anything."

13.  The search disclosed  no evidence of marijuana or any other controlled substance during his search.

14.  After he completed his search of the vehicle, Mays walked back to where Allen was standing in front of the police car and asked for his driver's license.

15.   On information and belief, Mays ran a check on his license contacted the Unknown Defendant officer and requested his assistance.

16.  Mays returned Allen's driver's license and renewed his search of Allen's vehicle.

17.  Within a couple of minutes the second officer arrived and began assisting Mays search the vehicle.

18.  Mays told Allen to open his mouth and looked into his mouth but found no evidence of marijuana.  Neither did Mays attempt to remove any thing from his mouth.

19.  At no time did Mays or the unknown officer tell Allen that they had discovered any evidence of possession of marijuana or any other substance.

20.  Allen denied possession of marijuana and Mays told him he could hold him for 24 hours without any reason.

21.  When Davis remained steadfast in his denial, Mays told him: "You are going to jail."  Davis asked: "Going to jail, for what?  Mays did not answer.

22.   The second officer seized Allen's arms, twisted them behind his back and

handcuffed his wrists.

23.  Allen was placed in Mays patrol car and taken to the Dunklin County Jail, had him booked and held for 24 hours.

24.  Mays had Allen's vehicle impounded and Allen on his release from jail had to pay the towing service to get his car released.

25.  After the 24 hour hold expired, Allen was released from jail.

26.  Mays was required by the County Jail to provide a written statement of the offenses on which Allen was arrested and for which he was to be held.  The basis for the arrest was shown on the booking sheet and noted to be a "24 Hour Hold".

27.  Mays stated that the reason for the arrest was tampering in the first degree and delivery of controlled substance; the offenses are classified as Class D and C respectively.

28.  The following day Mays prepared a sworn Probable Cause Affidavit on behalf of the Kennett Police Department and obtained approval to submit it to the Dunklin County Prosecutor to commence a prosecution against Allen.

29.  On April 28, 2017, a criminal charge was filed by the prosecutor in the Circuit Court of Dunklin County, Missouri, Case No. 17DU-CR00614.  A warrant was issued for his arrest on May 25, 2017 and his bond set at $300.00.

30. Defendant learned of the arrest and voluntarily surrendered himself to the Dunklin County Sheriff, was booked, paid his bond and was released.

31.  Allen retained an attorney to defend him on the charge.

32. The charge was subsequently voluntarily dismissed by the prosecutor and has not been refiled.  The statute of limitation for the offense has long since expired.

COUNT I.

33.  Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1-31 above.

34.  Count I of this Complaint is brought pursuant to 42 U.S.C.§1083 and §1988 for damages and attorney fees a result of the actions of Defendants as heretofore set out in depriving her of her rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

35.  At all material times to this action the Defendants, their agents and employees acted under color of law, statue and usage of the State of Missouri and the policies of the City of Kennett and its Police Department.

36. The actions of Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights to be free from stop, arrest, imprisonment, and prosecution in the absence of probable cause that he had violated the criminal laws of the State of Missouri or the Ordinances of the City of Kennett, and to be free from defamation, injury to his person and reputation.  The actions of Defendants violated Plaintiff's clearly established constitutional and statutory rights.

37.  The City and the Kennett Police Department have established a practice and policy of conducting traffic stops without a reasonable suspicion that any violation of the law

has occurred or is about to occur and has unproportionately targeted black individuals.

38.  As a direct and proximate result of the Defendants, Plaintiff was deprived of his rights, privileges and immunities guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

39.  Defendants' actions were intentional, taken with malice, and showed a deliberate indifference to Plaintiff's rights.

39.  The Unknown Defendant was also present and witnessed the unlawful actions and arrest by Defendant Mays and although he had a duty to protect Plaintiff from the violations of his rights by Mays, he took no action to do so.

40.  The City of Kennett is responsible for appointment of the Chief of Police for the City and monitoring and ensuring that the Police Department provides adequate training for its officer regarding vehicle and traffic stops, probable cause, evidence necessary to support a charge and charging offenses.  The City has failed fulfill these obligation to the citizens of the city, and thereby exposed them to unlawful violations searches and seizures by the police. In addition, The Chief of Police and  City of Kennett receives monthly reports from the Department which shows the disproportionate number of black to white residents charges with offenses and subjected to fines, suggesting that the City targets blacks and non-whites for unlawful traffic stops for the purpose of searching for drugs.

41.  As a direct and proximate result of Defendant's intentional and unlawful traffic stop and subsequent arrest and prosecution, Plaintiff has suffer the loss of his freedom, been

subject to repeated arrests, prosecution as well as enduring the humiliation and embarrassment of being arrested a drug dealer and for tampering with evidence without probable cause along with the resulting damage to his reputation.

42.  Defendants' unlawful stop, fabricated charges, and arrest of Plaintiff, and the practices and actions complained of herein were intentional, willful, and done with malice and/or reckless indifference to the federally protected rights of Plaintiff thereby making an award of punitive damages appropriate.

## COUNT II.

43.  Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1-42 above.

44. Defendants were responsible for initiating, bringing about, and maintaining a criminal prosecution against Plaintiff, knowing the charges were false, fabricated and without probable cause.

45. The criminal complaints instigated by Defendants on behalf of the City against Plaintiff were without probable cause and known by the Defendants to be so at all times.

46.  Defendants actions were undertaken for the purpose of causing plaintiff undue financial burdens, deprive him of his liberty, and causing emotional distress and humiliation.

47.  As a direct and proximate result of Defendant's intentional and unlawful traffic stop and subsequent arrest and prosecution, Plaintiff has suffer the loss of his freedom, been subject to repeated arrests, prosecution as well as enduring the humiliation and

embarrassment of being arrested a drug dealer and for tampering with evidence without probable cause along with the resulting damage to his reputation.

## COUNT III.

48. Plaintiff realleges the allegations contained in Paragraphs 1-47 above.

49. Defendants' actions violated Plaintiff's personal liberty by using force, threats, and coercion in intentionally, stopping, arresting, detaining and imprisoning her knowing that the charges for such action were false and without probable cause.

50. Furthermore, the actions against Plaintiff were intentional and taken with malice and without justification and with deliberate indifference to the rights of plaintiff.

## JURY TRIAL

51. Plaintiff asserts her rights under the Seventh Amendment to the United States' Constitution and pursuant to Rule 38, F.R.Civ.P., and demands a trial by jury on all issues.

## DAMAGES

52. As a direct and proximate result of the Defendant's actions described above, Plaintiff suffered injuries and sustained damages which would not have otherwise occurred, for which Plaintiff prays the court to enter judgment in his favor as follows:

a. Under Count I to award Plaintiff compensatory damages in the amount of $500,000 and punitive or exemplary damages in the amount of $500,000.00;

b. Award Plaintiff compensatory damages for the intentional infliction of emotional distress in the amount of $500,000.00;

c.       Award Plaintiff pre and post judgment interest;

c.       Award Plaintiff costs of this action and attorney fees under 42 U.S.C. §1988;

d.       Grant Plaintiff such other and further relief as is just and proper.

## PRAYER FOR RELIEF

*WHEREFORE, PREMISES CONSIDERED*, Plaintiff prays that judgment be entered on her behalf against Defendants Jointly and Severally. as follows:

A. Under Count I award Plaintiff $250,000.00 in compensatory, $250,000.00 in exemplary damages,  pre- and post-judgment interest, all his costs incurred in this litigation, including an award of attorney's fees and expenses pursuant to 42 U.S.C. §1988, and for such other and further relief, at law and in equity, to which Plaintiff may be entitled.

B. Under Count II award Plaintiff $250,000.00 as compensatory, $250,000 in punitive damages,, pre- and post-judgment interest, all his costs incurred in this litigation, including an award of attorney's fees and expenses pursuant to 29 U.S.C.§1988, and for such other and further relief, at law and in equity, to which Plaintiff may be entitled.

C.B. Under Count III award Plaintiff $250,000.00 as compensatory, $250,000 in punitive  damages,, pre- and post-judgment interest, all his costs incurred in this litigation, including an award of attorney's fees and expenses pursuant to 29 U.S.C.§1988, and for such other and further relief, at law and in equity, to which Plaintiff may be entitled.

10

/s/ Jim R. Bruce
Jim R. Bruce
MO Bar No. 29,673
P. O. Box 37
Kennett, MO  63857
E-Mail:  jrbruce@nwcable.net